1  Kevin A. Crisp (SBN 261023)
       E-mail: crispk@pepperlaw.com
2  **PEPPER HAMILTON LLP**
3  4 Park Plaza, Suite 1200
   Irvine, California  92614
4  Tel:  949-567-3500; Fax:  949-863-0151

5  Attorneys for THE VANGUARD GROUP,
   INC.; VANGUARD MARKETING CORP.;
6  and VANGUARD FIDUCIARY TRUST
   COMPANY
7

8              **UNITED STATES DISTRICT COURT**

9        **CENTRAL DISTRICT OF CALIFORNIA—SOUTHERN DIVISION**

10

11  JULIAN A. POLLOK,                    Case No. 2:18-CV-01099-JLS-JCG

                 Plaintiff,             Hon. Josephine L. Staton
12                                       Courtroom:  10A
            v.
13                                       **VANGUARD'S NOTICE OF**
                                         **MOTION AND MOTION TO**
14  THE VANGUARD GROUP, INC.,            **DISMISS AND FOR SANCTIONS**
    ET. AL,                              **UNDER 28 U.S.C. § 1927 AND THE**
15                                       **COURT'S INHERENT POWER;**
                 Defendants.            **MEMORANDUM OF POINTS AND**
16                                       **AUTHORITIES IN SUPPORT**
                                         **THEREOF**
17
                                         [Fed. R. Civ. Pro. 12(b)(6)
18                                       & 28 U.S.C. §1927]

19                                       [filed concurrently with Request for
                                         Judicial Notice; Declaration of Kevin A.
20                                       Crisp; and Proposed Order]

21                                       Hearing Date:   May 11, 2018
                                         Hearing Time:   2:30 p.m.
22                                       Courtroom:      10A

23

24

25

26

27

28

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on May 11, 2018 at 2:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 10A of the United States District Court for the Central District of California—Southern Division, located at the Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, Santa Ana, California 92701, the Honorable Josephine L. Staton presiding, Defendant Vanguard Fiduciary Trust Company ("Vanguard")—the only remaining defendant in this action—will and hereby does move the Court to dismiss Plaintiff Julian Pollok's complaint in the above-captioned action under Rule 12(b)(6) of the Federal Rules of Civil Procedure and for sanctions against Pollok and his counsel under 28 U.S.C. § 1927 as well as this Court's inherent power.

Good cause exists to dismiss the complaint because it: (1) violates this Court's order expressly denying leave to file it as well as the Court's scheduling orders and order denying Pollok's Rule 59 motion, all of which were entered in a prior action here; (2) admittedly splits claims (purporting to assert a contract theory based on the same events alleged in his prior action alleging only tort claims); and (3) is barred by judicial estoppel and the law of the case doctrine because this Court entered judgment finding that Vanguard acted in accordance with the governing contracts.

Good cause also exists to impose sanctions under 28 U.S.C. Section 1927 and the Court's inherent powers for multiplying the proceedings unreasonably and vexatiously, for acting in bad faith, and for violating the Court's orders.

This motion is based on this Notice of Motion, the Memorandum of Points and Authorities attached hereto, the concurrently-filed Request for Judicial Notice and Declaration of Kevin A. Crisp, the pleadings and records on file with this Court, and on such oral and other evidence and argument as may be presented at the motion's hearing.

This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place March 30, 2018, as well as service of a Motion for Sanctions Under Rule 11 on March 16, 2018 that set forth substantially similar grounds on which Vanguard now moves to dismiss and for sanctions under 28 U.S.C. Section 1927 and the Court's inherent powers.

Dated:  April 9, 2018                    PEPPER HAMILTON LLP

By:__/s/ Kevin A. Crisp _____
Kevin A. Crisp
Attorneys for Vanguard

# **TABLE OF CONTENTS**

Page

I.      INTRODUCTION ............................................................................................1

II.     STATEMENT OF FACTS .............................................................................2

    A.    The Vanguard accounts and the "all-out war" for their control ..........2

    B.    Pollok's first two lawsuits and their respective dismissals..................4

    C.    Pollok's third lawsuit and its dismissal on summary judgment ..........5

    D.    Pollok's two "expressly improper" reconsideration motions ..............5

    E.    Pollok's request for leave to file the Contract Complaint and this
        Court's refusal to allow him to "litigate each theory seriatim"............6

    F.    Pollok's fourth lawsuit asserting the very contract claim that this
        Court denied leave to assert ................................................................7

    G.    Pollok's and his lawyers' several decades of legal experience
        each and their repeated rules violations ...............................................8

III.    LEGAL STANDARD ...................................................................................10

IV.     ARGUMENT ...............................................................................................11

    A.    The Contract Complaint violates the Court's order denying
        leave to file it, and it should be dismissed. ........................................11

    B.    The Contract Complaint improperly splits claims against
        Vanguard and should be dismissed as a matter of law. ......................12

    C.    The Court's prior judgment judicially estops Pollok from
        alleging the purported breach of contract as a matter of law..............14

    D.    Pollok filed the Contract Complaint in bad faith to multiply the
        proceedings unreasonably, and the Court should impose
        sanctions. ............................................................................................15

V.      CONCLUSION ............................................................................................17

1

# <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

CASES

4

*Adams v. Cal. Dep't Health Servs.*,
5
    487 F.3d 684 (9th Cir. 2007) ............................................................. 9, 10, 11, 12

6

*Aetna Live Ins. Co. v. Alla Med. Servs., Inc.*,
7
    855 F.2d 1470 (9th Cir. 1988) ........................................................................ 14

8

*In re Beverly Hills Bancorp.*,
    752 F.2d 1334 (9th Cir. 1984) ................................................................... 11, 12
9

*Bovarie v. Giurbino*,
10
    421 F. Supp. 2d 1309 (S.D. Cal. 2006) ............................................................. 9

11

*Buster v. Greisen*,
12
    104 F.3d 1186 (9th Cir. 1997) ...................................................................... 9, 13

13

*Carr v. Tillery*,
14
    591 F.3d 920-21 (7th Cir. 2010) ..................................................................... 15

15

*Chambers v. NASCO, Inc.*,
16
    501 U.S. 32 (1991) ............................................................................... 9, 13, 15

17

*Davis v. United States*,
18
    2016 US. Dist. LEXIS 170287 (N.D. Cal. 2016) ............................................. 11

19

*DuFour v. Allen*,
20
    2014 U.S. Dist. LEXIS 132139 (C.D. Cal. 2014) ............................................ 11

21

*Edwards v. Reynolds*,
    2009 U.S. Dist. LEXIS 36014 (N.D. Cal. 2009) .............................................. 10
22

*Fox Valley Constr. Workers v. Pride of the Fox*,
23
    140 F.3d 661 (7th Cir. 1998) ..................................................................... 14, 15

24

*G.C. & K.B. Invs., Inc. v. Wilson*,
25
    326 F.3d 1096 (9th Cir. 2003) ........................................................................ 14

26

*In re Girardi*,
27
    611 F.3d 1027 (9th Cir. 2010) ........................................................................ 15

28

*Gollomp v. Spitzer*,
   568 F.3d 355 (2d Cir. 2009) ................................................................ 14

*Hartsel Springs Ranch of Colorado, Inc. v. Bluegreen Corp.*,
   296 F.3d 982 (10th Cir. 2002) ............................................................. 10

*Huettig & Schromm, Inc. v. Landscape Contractors Council of N. Cal.*,
   790 F.2d 1421 (9th Cir. 1986) ............................................................. 14

*Lindauer v. Rogers*,
   91 F.3d 1355 (9th Cir. 1996) ............................................................... 10

*McMahon v. Pier 30 L.P.*,
   2001 U.S. Dist. LEXIS 18730 (N.D. Cal. 2001) ..................................... 9

*Meyer v. U.S. Bank Nat. Ass'n*,
   792 F.3d 923 (8th Cir. 2015) ............................................................... 12

*Montoyo-Rivera v. Pall Life Sciences PR, LLC*,
   245 F. Supp. 3d 337 (D. P.R. 2017) ..................................................... 12

*Norelus v. Denny's Inc.*,
   628 F.3d 1270 (11th Cir. 2010) ........................................................... 15

*Rygg v. Hulbert*,
   2014 U.S. Dist. LEXIS 144144 (W.D. Wa. 2014) .................................. 12

*Sanai v. Sanai*,
   408 Fed. Appx. 1 (9th Cir. 2010) ........................................... 9, 10, 12, 13

*Stark v. Starr*,
   94 U.S. 477 (1876) .............................................................................. 11

*U.S. Comm'y Futures Trading Comm'n v. Lake Shore Asset Mgmt.*
   *Ltd.*, 540 F. Supp. 2d 994 (N.D. Il. 2008) ........................................... 14

*Unioil, Inc. v. E.F. Hutton & Co.*,
   809 F.2d 548 (9th Cir. 1986) ................................................................. 8

*United States v. Author Servs., Inc.*,
   804 F.2d 1520 (9th Cir. 1986) ............................................................... 9

*United States v. Haytian Republic*,
   154 U.S. 118, 14 S. Ct. 992 (1894) ...................................................... 11

VANGUARD'S MOTION TO DISMISS AND FOR SANCTIONS UNDER § 1927, INHERENT POWERS

*Wages v. I.R.S.*,
　　915 F.2d 1230 (9th Cir. 1990)..................................................9, 13, 15

*Walton v. Eaton Corp.*,
　　563 F.2d 66 (3d Cir. 1977) .......................................................... 10

*Welk v. GMAC Mortgage, LLC*,
　　720 F.3d 736 (8th Cir. 2013) ....................................................... 13


**STATUTES**

28 U.S.C. § 1927...............................................................................1, 9, 15


**OTHER AUTHORITIES**

C.D. Cal. Local Rule 7-3 .......................................................................... 7

C.D. Cal. Local Rule 7-18 .................................................................... 5, 8

C.D. Cal. Local Rule 37............................................................................ 8

Fed. R. Civ. Pro. 11 ......................................................................... 1, 8, 15

Fed. R. Civ. Pro. 16(b)(4) ...................................................................... 10

Fed. R. Civ. Pro. 59 ........................................................................ 1, 5, 10

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

In an October 18, 2017 order, this Court denied Plaintiff Julian Pollok leave to file a complaint alleging breach of contract (the "Contract Complaint"). Pollok filed it anyway. Consequently, Vanguard and the Court must waste more resources having Pollok's newest lawsuit—his fourth such lawsuit seeking the same alleged damages for the same transactions—dismissed. This is outrageous. The Contract Complaint should be dismissed, and its filing warrants sanctions.

Pollok's latest complaint also contravenes the Court's scheduling orders and order denying Pollok's Rule 59 motion, all of which were entered in a prior action here (the "Tort Case"). It also admittedly splits claims (purporting to assert a contract theory based on the same events alleged in his Tort Case), which is contrary to binding Supreme Court and Ninth Circuit precedents. And it is barred by judicial estoppel and the law of the case doctrine because this Court entered judgment finding that Vanguard acted in accordance with the governing contracts. (But for Pollok's pending appeal, res judicata would also bar the Contract Complaint.) All of these are grounds for dismissing the Contract Complaint as a matter of law.

Further, Pollok has several decades' experience as a lawyer, and each of his counsel do, too. So, there is simply no excuse for their actions. Along with their long history of abusive litigation conduct in each of his three previous lawsuits—including six different rules violations and repeated filing of reconsideration motions that this Court labeled "expressly improper"—show that sanctions under 28 U.S.C. Section 1927 and the Court's inherent powers are necessary to deter Pollok from further abuses and to protect Vanguard and this Court.

Vanguard also served a Rule 11 motion on Pollok twenty-four days ago, which motion is filed concurrently herewith and provides additional authority for the Court to impose the sanctions so plainly warranted here. Pollok's only response

was to dismiss the other Vanguard entities, which had been explicitly named in the prior lawsuits, leaving a newly-named Vanguard affiliate (wholly-owned by the now dismissed Vanguard Group, Inc.) to defend Pollok's claim-splitting complaint. These incomplete dismissals are insufficient.  Pollok was warned several times during meet and confers that binding Ninth Circuit precedents cited in Vanguard's Rule 11 motion bar Pollok from attempting to skirt the Court's prior orders denying him leave to name that affiliate and closing case as well as the black-letter law against claim-splitting and judicial estoppel.

## II.    STATEMENT OF FACTS

### A.    The Vanguard accounts and the "all-out war" for their control

Vanguard Fiduciary Trust Company (individually, and collectively with the now dismissed defendants The Vanguard Group, Inc., Vanguard Marketing Corp., and Vanguard Brokerage Service, "Vanguard") is here because of Pollok's "all-out war" with third party Ashley Alduenda over control of assets owned by Pollok's deceased cousin, Dr. Edward Salkin.  Among those assets were about $11.6 million in accounts with Vanguard, all of which were subject to agreements setting forth Vanguard and Dr. Salkin's rights and responsibilities.  RJN Ex. 1 (Summary Judgment Order) at 2.[1]  Specifically, the agreements made clear that the accounts were non-discretionary—*i.e.*, all investment decisions and trading were exclusively controlled by, and the sole responsibility of, Dr. Salkin.  *Id*.  Vanguard had no authority to make any transactions without the account owner's direction.  *Id*.  Nor did Vanguard have any obligation to review or monitor the investments.  *Id*.  Additionally, the account agreements (just like those used by most other financial institutions) ***gave Vanguard the right to implement account freezes upon reasonable notice of a dispute***.  *Id*.

---

[1] Cites to "RJN" are to the Request for Judicial Notice filed herewith.

Shortly after Dr. Salkin's passing, Vanguard received competing claims for his Vanguard accounts. *Id*. at 3. Pollok and Alduenda separately threatened to sue Vanguard if it released the accounts or if it failed to do so, respectively. *Id*. Pollok and Alduenda separately initiated competing Probate Court cases asserting control over Dr. Salkin's assets, including the Vanguard accounts. *Id*. Almost immediately, the Probate Court entered a temporary restraining order (effective upon Alduenda's posting of a bond, which she ultimately could not obtain due to an inadvertent and unforeseeable mistake) that restrained Pollok from marshalling any of Dr. Salkin's assets. *Id*. The Probate Court also issued an order to show cause why a preliminary injunction to the same effect should not issue, and the Probate Court expressly identified all Dr. Salkin's Vanguard accounts—including the IRA Account—as intended property of the Edward Salkin Trust Dated June 5, 2014 (created just a week before his sudden passing), and thus subject to Alduenda's control, not Pollok's. *Id*.

To protect itself and the rightful accountholder—whoever that might ultimately be—Vanguard froze the accounts in accordance with the governing agreements. *Id*. at 4. Vanguard also repeatedly told counsel for Pollok and Alduenda that it would abide by any court order authorizing the accounts' release, and after agreeing with Pollok not to interplead the accounts in exchange for his release of all liability and a covenant not to sue, Vanguard worked with Pollok's counsel to draft appropriate language for such an order.

Pollok twice moved for such an order authorizing the accounts' release, but the Probate Court twice refused to do so. *Id*. Then, when the purported need to make a tax payment arose a few months later, the Probate Court reversed course and issued an order authorizing the accounts' release. *Id*. In light of the still raging litigation between Pollok and Alduenda, however, the Probate Court ordered Pollok to post an $8 million bond and to indemnify Vanguard against any claims by

1  Alduenda, and upon completion of the required paperwork, and with the protection

2  of the court's order, Vanguard turned the accounts over to Pollok.  *Id*.

3  　　　　Still, the Pollok-Alduenda dispute continued, with both sides regularly filing

4  adversarial motions, petitions, and objections in each of their respective will and

5  trust cases, vigorously pursuing their claims to Dr. Salkin's assets.  In fact, the

6  dispute ultimately lasted three years—over two years past the date Vanguard turned

7  over the accounts so purported taxes could be paid—and even then, it did not end

8  until Pollok paid Alduenda nearly a half million dollars to settle her claims to Dr.

9  Salkin's assets.

10  　　　**B.　　Pollok's first two lawsuits and their respective dismissals**

11  　　　　Before that settlement, however, Pollok filed a complaint in Superior Court

12  against Alduenda (the "Malicious Prosecution Complaint").   RJN Ex. 2

13  (Complaint).   This was ***Pollok's first lawsuit*** seeking the alleged diminution in

14  value of the Vanguard investments incurred during the accounts' freeze.   The

15  Superior Court struck it, explicitly finding Alduenda had contested Pollok's

16  purported will claims in good faith based on "ample written evidence" of her own

17  trust claim to Dr. Salkin's assets.  RJN Ex. 3 (Order).

18  　　　　Then, on March 3, 2016, Pollok filed another Superior Court petition, this

19  time against The Vanguard Group, Inc., Vanguard Marketing Corp., and a division

20  of Vanguard Marketing Corp. called Vanguard Brokerage Services, alleging the

21  accounts' purported diminution in value somehow constituted estate "property"

22  subject to a turnover order (the "Turnover Complaint").  RJN Ex. 4 (Complaint).

23  This was ***Pollok's second lawsuit*** seeking the alleged diminution in account value.

24  Yet, after conceding that Vanguard had not in fact withheld any asset nor imposed

25  any unjustifiable fees or penalties and had turned over all Dr. Salkin's accounts in

26  accordance with the Probate Court's order authorizing such, the Superior Court

27  dismissed Pollok's turnover petition without leave to amend on November 8, 2016.

28  RJN Ex. 4 (Order).

### C.     Pollok's third lawsuit and its dismissal on summary judgment

While the Turnover Action was still pending, on June 10, 2016, Pollok filed yet another complaint against The Vanguard Group, Inc., Vanguard Marketing Corp., and Vanguard Brokerage Services, this time alleging negligence, conversion, and breach of fiduciary duty (the "Tort Complaint").  RJN Ex. 5 (Complaint).  This was ***Pollok's third lawsuit*** seeking the alleged diminution in account value.  The Court dismissed Pollok's fiduciary duty claims on motion to dismiss because the accounts were non-discretionary, leaving only Pollok's negligence and conversion claims.  RJN Ex. 7 (Order).  And after fact and expert discovery closed, on August 21, 2017, this Court entered an 11-page, fully-reasoned order granting summary judgment for Vanguard (the "Summary Judgment Order").  RJN Ex. 1 (Order).

The Court's opinion described and cited almost all of Vanguard's 62 Uncontroverted Facts, which were undisputed by any evidence. *Id*. at 2-5.  Among other things, the Court specifically cited uncontested facts that Dr. Salkin received and agreed to the governing contracts, *id*. at 2, and that Vanguard received reasonable notice of a dispute over Dr. Salkin's accounts.  *Id*. at 3-4.  The Court then held the economic loss doctrine barred Pollok's tort claims, *id*. at 7-11, and that, in any event, ***Vanguard's actions were in accordance with the governing contracts' unambiguous terms***. *Id*. at 9.

### D.     Pollok's two "expressly improper" reconsideration motions

On September 18, 2017, Pollok filed his first reconsideration motion.  RJN Ex. 8 (Motion).   On October 18, 2017, the Court denied Pollok's first reconsideration motion, holding it improperly raised no newly discovered fact nor emergent law reasonably unavailable to him in opposing summary judgment.  RJN Ex. 9 (Order) at 3-4.  And the Court was clear that Pollok's motion contravened Local Rule 7-18, stating that:

> Pollok's arguments are ***expressly improper*** . . . . [and] the Court agrees that ***Pollok's motion was brought on improper grounds*** . . . .

1   *Id.* at 4, 4n.2 (emphasis added).

2        Despite the Court's admonition, Pollok filed a ***second*** reconsideration motion

3   on November 30, 2017 that was nearly word-for-word identical to his first such

4   motion—submitting the same arguments, citing the same cases, and still offering no

5   new evidence whatsoever.   RJN Ex. 10 (Motion).   Even Pollok himself had

6   admitted it was "a waste of the parties' and the Court's resources."  RJN Ex. 11

7   (Reply) (conceding that filing a second successive motion to reconsider under the

8   guise of a "Rule 59" motion would be "inefficient" and a "waste," even though that

9   is exactly what he then did).   The Court summarily denied Pollok's second

10  reconsideration motion on January 17, 2018.  RJN Ex. 12 (Order).

11       **E.    Pollok's request for leave to file the Contract Complaint and this**

12            **Court's refusal to allow him to "litigate each theory seriatim"**

13       With his first reconsideration motion, Pollok also moved the Court for "leave

14  to file an amended complaint that ***sets forth claims for breach of contract against***

15  ***Vanguard and adds Vanguard Fiduciary Trust Company as a party***."  RJN Ex. 8

16  (Motion) at 16 (emphasis added).  Notably, Pollok claimed the parties had taken all

17  the discovery they needed regarding his proposed contract claim.  *Id.* at 19.

18       The Court denied Pollok's motion to file the amended complaint, citing the

19  long-passed deadline to amend and holding Pollok had "been aware such claims

20  might be available at least since [a year earlier.]"  RJN Ex. 9 (Order) at 4-5.   The

21  Court also pointedly stated:

22            Apparently, ***Pollok believes he can litigate each theory***
            ***seriatim***, waiting to see if summary judgment is granted
23            on one before raising the next.  ***He cannot***.

24  *Id.* at 4 (emphasis added).[2]

25

26            [2] On December 1, 2017, Pollok filed a notice of appeal regarding summary
    judgment.  RJN Ex. 13 (Appeal).  Ten days later the Ninth Circuit Court of Appeal
27  stayed proceedings pending a decision Pollok's second reconsideration motion.
    RJN Ex. 14 (Stay).  And on February 7, 2018, after this Court's denial of that
28  motion, Pollok filed an amended notice of appeal regarding:  (1) the final judgment
    entered November 2, 2017; (2) the summary judgment order; and (3) the order

**F.     Pollok's fourth lawsuit asserting the very contract claim that this Court denied leave to assert**

Once again defying this Court's clear orders as well as established black-letter law against claim-splitting.  Pollok initiated the above-captioned action and filed the very complaint alleging breach of contract against The Vanguard Group, Inc., Vanguard Marketing Corp., and Vanguard Brokerage Services as well as attempting to add Vanguard Fiduciary Trust Company as a party, ***which complaint this Court ordered him not to file***.  RJN Ex. 16 (Complaint).

This is now Pollok's ***fourth lawsuit*** seeking the alleged diminution in value of the Vanguard investments incurred during the accounts' freeze.  Pollok alleges Vanguard somehow breached the governing contracts even though this Court has already held that Vanguard's actions were in accordance with the governing contracts.  *Id.* at 3-7.   Pollok still does not—and cannot—identify a single contractual provision that Vanguard purportedly breached.  *Id.*  And Pollok still never explains why he waited nearly two years after filing his Tort Complaint, 16 months after the time by which this Court already held he had full knowledge of any potential contract claims, a year after the deadline to add new theories had passed, and 6 months after the close of discovery and dispositive motions had been filed, briefed, and decided against him.  *Id.*; RJN Ex. 9 (Order) at 4-5.

Pollok concedes—as he must—that his Contract Complaint "***arises out of the same transactions, happenings or events***" as his Tort Complaint.  RJN Ex. 17 (Notice) at 2.  Pollok further admits the only difference is his decision to now expressly assert a legal theory for breach of contract.  Pollok's Tort Complaint alleged negligence and conversion for "Vanguard's refusal to turn over to [Pollok] certain accounts that were held in the name of [Pollok's] deceased cousin, Dr.

---

denying Pollok's second reconsideration motion.   RJN Ex. 15 (Appeal).   The amended notice did not appeal the denial of Pollok's first reconsideration motion nor this Court's denial of leave to amend.  *Id.*

VANGUARD'S MOTION TO DISMISS AND FOR SANCTIONS UNDER § 1927, INHERENT POWERS

1  Salkin," while "[i]n this action, [Pollok] alleges the these same acts by Vanguard

2  constitute breaches of certain agreements." *Id*.

3       Pollok also alleges that Vanguard Fiduciary Trust was and is an agent for

4  each of the other Vanguard entities, and that "all of the things alleged to have been

5  done by [Vanguard Fiduciary Trust] were done in the capacity of and as agent for

6  the other [Vanguard] Defendants." RJN Ex. 16 (Complaint) at ¶ 6. And the

7  contract that Pollok sues to enforce clearly discloses that "Vanguard Fiduciary

8  Trust Company is a wholly owned subsidiary of the Vanguard Group, Inc." RJN

9  Ex. 25 (Contract) at 13.

10      **G.**    **Pollok's and his lawyers' several decades of legal experience each**

11          **and their repeated rules violations**

12       Plaintiff Julian Pollok is and has been a member of the State Bar of

13  California for 47 years. And Pollok's two lead counsel, Howard Bidna and Richard

14  Keys, have been members of the State Bar of California for 40 years and 36 years,

15  respectively.[3]    Yet, they filed a fourth lawsuit seeking the same damages,

16  contradicting this Court's order expressly denying leave to assert the claims therein.

17       In addition, in the two prior related cases before this Court, Pollok and his

18  counsel violated essential Local Rules ***six different times***. *First*, Pollok filed a

19  remand motion "in violation of the requirements of Local Rule 7-3" by failing to

20  meet and confer seven days before that motion's filing. RJN Ex. 18 (Order) at 1.

21  *Second*, Pollok filed a motion to compel depositions despite admittedly

22  disregarding the Local Rule 37 meet and confer and its compulsory joint stipulation

23  procedures. RJN Ex. 19 (Opposition) at 11-12. *Third and fourth*, Pollok twice

24  failed to timely file oppositions to critical motions—a motion to dismiss and a

25  *Daubert* motion. RJN Ex. 20 (Motion); RJN Ex. 21 (Motion). *Fifth and sixth*,

26

27       [3] *See* California Bar profiles at http://members.calbar.ca.gov/fal/Member/

28  Detail/48484; http://members.calbar.ca.gov/fal/Member/Detail/81604; and http://members.calbar.ca.gov/fal/Member/Detail/105901.

Pollok failed to properly meet and confer yet again on his first reconsideration motion, RJN Ex. 22 (Opposition) at 17-19, and both that motion as well as his second reconsideration motion were filed on "expressly improper" grounds in violation of Local Rule 7-18.  RJN Ex. 9 (Order).

In response to both Pollok's improper reconsideration motions, Vanguard asked the Court to impose sanctions.[4]  RJN Exs. 22-23 (Oppositions).  Vanguard pointlessly incurred tens of thousands of dollars in costs and fees to oppose the motions, and Vanguard has now incurred at least $13,970 more in similarly uncalled-for costs and fees in responding to the frivolous Contract Complaint. Declaration of Kevin A. Crisp at ¶¶ 6-7.

In particular, on March 16, 2018, Vanguard served a Rule 11 motion on Pollok and his counsel setting forth grounds for sanctions for filing the Contract Complaint that largely mirrors this motion to dismiss and for sanctions.  *Id*. at ¶¶ 4-5.  In response, Pollok dismissed the Vanguard entities that were explicitly named in the prior lawsuits, leaving only Vanguard Fiduciary Trust Company, a Vanguard affiliate (in fact, wholly-owned by the now dismissed Vanguard Group, Inc.) to defend Pollok's claim-splitting complaint.  *Id*. at ¶ 5.  These incomplete dismissals are insufficient.  Pollok and his counsel well know—or should know—from Vanguard's Rule 11 motion and counsel's meet and confers that binding Ninth Circuit precedents bar Pollok from violating the Court's order denying leave to file the Contract Complaint against Vanguard Fiduciary Trust Company.  *Id*.  Those same authorities also bar Pollok from doing the same to avoid the bar against claim-splitting.  *Id*.

And while the Court declined to impose sanctions for Pollok's several previous violations, the time has come to do so now.  RJN Exs. 9, 12 (Orders).

_____

[4] Improper reconsideration motions are often the subject of Rule 11 sanctions as they "unnecessarily and unreasonably multipl[y] the litigation."  *E.g., Unioil, Inc. v. E.F. Hutton & Co.*, 809 F.2d 548, 559 (9th Cir. 1986).

1    This newest lawsuit is a waste of Vanguard's and the Court's resources, and like so

2    many times before in this litigation, Pollok's actions can only be interpreted as

3    purposefully aimed at doing just that.   ***A corner has been turned***.   Pollok is not

4    only misusing the Court's resources, he is flouting its authority.   Sanctions,

5    including awarding Vanguard's attorneys' fees and costs, entering a prefiling order,

6    and a reprimand, are both just and necessary.

7    **III.   LEGAL STANDARD**

8          The Court should dismiss a complaint if it:  (1) violates a court order denying

9    leave to file it, *Adams v. Cal. Dep't Health Servs.*, 487 F.3d 684, 687 (9th Cir.

10   2007) (affirming dismissal where leave to amend to file was denied in prior suit); ***or***

11   (2) splits claims alleged in a prior action, *Sanai v. Sanai*, 408 Fed. Appx. 1, 2-3 (9th

12   Cir. 2010) (affirming claim-splitting complaint's dismissal); ***or*** (3) attempts to re-

13   litigate questions determined in a prior action.  *Buster v. Greisen*, 104 F.3d 1186,

14   1189-90 (9th Cir. 1997) (affirming dismissal where later action sought to re-litigate

15   issues resolved in earlier action).

16         In so deciding, the Court may judicially notice and consider pleadings filed

17   in this Court or the Superior Court of California.  *Bovarie v. Giurbino*, 421 F. Supp.

18   2d 1309, 1313 (S.D. Cal. 2006) ("[A] court may take judicial notice of its own

19   records.") (citing *United States v. Author Servs., Inc.*, 804 F.2d 1520, 1523 (9th Cir.

20   1986)); *McMahon v. Pier 30 L.P.*, 2001 U.S. Dist. LEXIS 18730, at *6-7 (N.D. Cal.

21   2001) (courts may judicially notice filing in other courts).  The Court may also

22   judicially notice the governing contracts under which Pollok purports to sue.

23   *Parrino v. FHP, Inc.,* 146 F.3d 699, 706 (9th Cir. 1998).

24         Additionally, the Court should sanction:  (1) Pollok's counsel under 28

25   U.S.C. Section 1927 if they multiplied the proceedings unreasonably and

26   vexatiously, *Wages v. I.R.S.*, 915 F.2d 1230, 1235 (9th Cir. 1990) (affirming

27   sanctions for filing complaint substantially similar to one for which court had

28   denied leave to file); and (2) both Pollok and his counsel under the Court's inherent

authority if they acted in bad faith **_or_** willfully disobeyed the Court's orders. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991) (affirming sanctions for violating court order).

## IV.   ARGUMENT

### A.   The Contract Complaint violates the Court's order denying leave to file it, and it should be dismissed.

This Court expressly ordered Pollok not to file his Contract Complaint against any of the Vanguard entities—**_including Vanguard Fiduciary Trust Company_**. RJN Ex. 9 (Order).  And "the fact that [Pollok] was **_denied_** leave to amend **_does not_** give [him] the right to file a second lawsuit based on the same facts." *Adams*, 487 F.3d at 687 (emphasis added) (quoting *Hartsel Springs Ranch of Colorado, Inc. v. Bluegreen Corp.*, 296 F.3d 982, 989 (10th Cir. 2002)).  To the contrary, the Ninth Circuit Court of Appeals has made clear that Pollok cannot do so. *Id.* at 988 (affirming dismissal of later-filed complaint setting forth claims for which leave to assert had been denied in earlier-filed action, stating "[Plaintiff] filed her present complaint in an attempt to avoid the consequences of her own delay and to circumvent the district court's denial of her untimely motion for leave to amend her first complaint.").

In short, Pollok cannot "use the incorrect procedure of filing duplicative [lawsuits] for the purpose of circumventing the rules pertaining to the amendment of complaints." *Walton v. Eaton Corp.*, 563 F.2d 66, 71 (3d Cir. 1977).  The Contract Complaint must therefore be dismissed. *Adams*, 487 F.3d at 688n.1 (9th Cir. 2007) (affirming complaint's dismissal where leave to file it in prior action previously denied); *Sanai*, 408 Fed. Appx. at 2-3 (affirming dismissal and sanctions for filing complaint after denial of leave to file it).[5]

---

[5] The Contract Complaint's filing also violates the Court's scheduling order, under which the deadline to file additional claims passed thirteen months ago.  Tort Case Dkt. No. 23; Fed. R. Civ. Pro. 16(b)(4) (modifying scheduling order requires "the judge's consent"); *c.f. Adams*, 487 F.3d at 688n.1 (affirming on other grounds

**B.     The Contract Complaint improperly splits claims against Vanguard and should be dismissed as a matter of law.**

The "doctrine of claim-splitting is the notion that [Pollok] is not at liberty to split up his demand, and prosecute it by piecemeal, or present only a portion of the grounds upon which special relief is sought, and leave the rest to be presented in a second suit, if the first fail." *United States v. Haytian Republic*, 154 U.S. 118, 125, 14 S. Ct. 992, 930 (1894) (quoting *Stark v. Starr*, 94 U.S. 477, 482 (1876)). "There would be no end to litigation if such a practice were permissible." *Id.*; *see also DuFour v. Allen*, 2014 U.S. Dist. LEXIS 132139, at *18-19 (C.D. Cal. 2014) (dismissing split claims).

A complaint improperly splits claims where it:  (1) arises from the same transactions as a prior complaint; and (2) involves the same parties or interests. *Adams*, 487 F.3d at 688.  Pollok cannot deny, and ***in fact concedes***, that the Contract Complaint "arises out of the same transactions" as the Tort Complaint and merely asserts a new legal theory.  RJN Ex. 17 (Notice) at 2:4-9.  And Pollok named the very same three Vanguard entities as defendants in the Contract Complaint as he named in the Tort Complaint.  *Compare* RJN Ex. 16 (Complaint) *with* RJN Ex. 4 (Complaint).  While Pollok did dismiss those three in response to Vanguard's Rule 11 Motion, the Contract Complaint still asserts claim-splitting causes of action against Vanguard Fiduciary Trust Company, which is a wholly-owned subsidiary of the Vanguard Group, Inc., a sister affiliate of Vanguard Marketing Corp., and in any event, is alleged by Pollok himself to have acted solely in its purported capacity as agent for the three other Vanguard defendants—each of

---

dismissal of duplicative complaint filed after scheduling order amendment deadline had passed in first-filed case).

It also violates the Court's order denying Pollok's Rule 59 motion.  Tort Case Dkt. No. 92; *Lindauer v. Rogers*, 91 F.3d 1355, 1356 (9th Cir. 1996) (new claims cannot be filed unless prior case reopened under Rule 59 or 60); *Edwards v. Reynolds*, 2009 U.S. Dist. LEXIS 36014, at *2 (N.D. Cal. 2009) (same).

VANGUARD'S MOTION TO DISMISS AND FOR SANCTIONS UNDER § 1927, INHERENT POWERS

which defended the prior lawsuits to judgments.  RJN Ex. 23 (Contract) at 13; Ex. 16 (Complaint) at ¶ 6.  As such, under binding Ninth Circuit law, the Contract Complaint involves the same parties or interests as those in the Tort Case, and the Contract Complaint must be dismissed.  *Adams*, 487 F.3d at 691-92 (plaintiff cannot escape claim-splitting bar by naming affiliated entities not named in prior action).  In fact, Pollok previously asked for leave to amend to name Vanguard Fiduciary Trust Company, but the Court denied it.  RJN Ex. 9 (Order).

"At some point, there must be finality."  *In re Beverly Hills Bancorp.*, 752 F.2d 1334, 1338 (9th Cir. 1984) (denying amended complaint where issues already litigated); *Davis v. United States*, 2016 US. Dist. LEXIS 170287, at *35-37 (N.D. Cal. 2016) (same).  As this Court already found, Pollok was fully aware of all the facts on which he bases his Contract Complaint at least since October 2016, yet he chose not to assert it until after judgment had been entered against him on his Tort Complaint that admittedly sought relief from the same transactions.  RJN Ex. 9 (Order) at 5.  "[I]nstead, he sought an interpretation of [allegedly] ambiguous terms in the [account agreements]" and "only after his interpretation was rejected did he turn to a request for [leave to amend]," which was denied and then followed by this filing of a ***fourth different lawsuit seeking the same alleged damages under a fourth different theory—and third such lawsuit filed against Vanguard***.  *Beverly Hills*, 752 F.2d at 1138.  "A clearer example of an attempt to bring seriatim claims over the same issue cannot be found."  *Id*.

Courts routinely dismiss complaints that violate the black-letter law against claim-splitting.  *E.g., Adams*, 487 F.3d at 688-92 (affirming dismissal); *Sanai*, 408 Fed. Appx. at 2-3 (affirming dismissal); *Meyer v. U.S. Bank Nat. Ass'n*, 792 F.3d 923, 927 (8th Cir. 2015) (affirming dismissal); *Montoyo-Rivera v. Pall Life Sciences PR, LLC*, 245 F. Supp. 3d 337 (D. P.R. 2017) (dismissing); *Rygg v. Hulbert*, 2014 U.S. Dist. LEXIS 144144, at *26 (W.D. Wa. 2014) (same).  So, too, should this Court dismiss the Contract Complaint.

**C.**   **The Court's prior judgment judicially estops Pollok from alleging the purported breach of contract as a matter of law.**

The parties already litigated the issues in Pollok's Contract Complaint, which were determined by this Court's judgment (currently on appeal) in the Tort Case, which is currently closed.   That judgment found, among other things, that Vanguard's actions were in accordance with the governing contracts.   RJN Ex. 1 (Order) at 9:13-26.   For the reasons set out in the Court's Order, the contract claims have no merit.

Judicial estoppel and law of the case thus bar the Contract Complaint. *Bethesda Lutheran Homes & Servs.*, 238 F.3d 853, 858 (7th Cir. 2001) (affirming dismissal for claim-splitting complaint on judicial estoppel and law-of-the-case grounds, stating, "Its purpose is to protect the judicial system from being whipsawed with inconsistent arguments and ***to discourage the form of fraud that consists of withholding your best ground in the first of a series of suits*** because it is helpful to your opponent in that suit hoping to win that suit on a different ground and then spring your inconsistent best ground in a later suit in order to obtain additional relief.") (emphasis added); *c.f. Sanai*, 408 Fed. Appx. at 3 (under law of the case doctrine, court cannot reconsider decisions made in the same case by other tribunals, which is what Pollok seeks by filing new lawsuit over same issues).

Tellingly, Pollok admits he already took all the discovery purportedly needed for his alleged contract claim during the years of prior litigation including in the Tort Case.   RJN Ex. 8 (Motion) at 16:3-5.   Still, when put to the test by Vanguard's contractual justification defenses on summary judgment, he failed to dispute any of Vanguard's uncontested facts with any evidence, and this Court held that Vanguard's actions were in fact in accordance with the governing contracts.   RJN Ex. 1 (Order) at 9:13-25.

Pollok's Contract Complaint could therefore only be a waste of this Court's and Vanguard's resources, is barred by judicial estoppel and law of the case, fails to

state a claim as a matter of law, and must be dismissed. *Buster*, 104 F.3d at 1189-90 (affirming dismissal where later action sought to re-litigate issues resolved in earlier action); *Welk v. GMAC Mortgage, LLC*, 720 F.3d 736, 738-39 (8th Cir. 2013) (affirming dismissal where plaintiff's prior cases showed complaint unwarranted as a matter of law).

  **D. Pollok filed the Contract Complaint in bad faith to multiply the proceedings unreasonably, and the Court should impose sanctions.**

  As explained above, the Contract Complaint was filed in direct contravention of the Court's orders, it violates black-letter law against claim-splitting, and it is objectively frivolous. It could only have been filed for the improper purposes of unnecessarily expanding litigation and harassing Vanguard. *Chambers*, 501 U.S. at 45 (affirming inherent power sanctions for violating court order); *Wages*, 915 F.2d at 1235 (affirming Section 1927 sanctions for filing complaint substantially similar to one for which court had denied leave to file).

  In fact, the mere filing of such a complaint is enough to find bad faith, but due to Pollok's own 47 years' experience as a lawyer, as well as his counsel Howard Bidna's 40 years and Richard Keys' 36 years' legal experience, an additional, "strong interference arises that their bringing of an action [asserting split claims] was for an improper purpose." *Huettig & Schromm, Inc. v. Landscape Contractors Council of N. Cal.*, 790 F.2d 1421, 1427 (9th Cir. 1986). This strong inference is only further bolstered by Pollok's other conduct in this dispute, including repeated rules violations, successive baseless reconsideration motions, and now fourth different lawsuit that should, like the three before it, be dismissed. *Fox Valley Constr. Workers v. Pride of the Fox*, 140 F.3d 661, 667 (7th Cir. 1998) (improper litigation tactics in prior suit show vexatious intent in present suit).

  We are at "a point when successive motions and papers become so harassing and vexatious that they justify sanctions even if they are not totally frivolous [because] the cumulative effective of [Pollok's] litigation tactics [] indicate the

VANGUARD'S MOTION TO DISMISS AND FOR SANCTIONS UNDER § 1927, INHERENT POWERS

[Contract Complaint] was filed for an improper purpose." *Aetna Live Ins. Co. v. Alla Med. Servs., Inc.*, 855 F.2d 1470, 1476-1477 (9th Cir. 1988); *U.S. Comm'y Futures Trading Comm'n v. Lake Shore Asset Mgmt. Ltd.*, 540 F. Supp. 2d 994, 1015 (N.D. Il. 2008) (counsel "play with fire" by raising previously-rejected arguments and claims); *see also G.C. & K.B. Invs., Inc. v. Wilson*, 326 F.3d 1096, 1110 (9th Cir. 2003) (affirming sanctions for successive lawsuits based on propositions of law previously rejected). This is especially true where, like here, Pollok and his counsel have been repeatedly warned by the Court that their tactics are improper. RJN Exs. 9, 12 (denying "expressly improper" reconsideration motions); *Gollomp v. Spitzer*, 568 F.3d 355, 369 (2d Cir. 2009) (affirming Section 1927 sanctions where court had previously warned against improper filings).

The Court can, and should, impose sanctions on Pollok's counsel under 28 U.S.C. Section 1927 for multiplying the proceedings unreasonably and vexatiously. 28 U.S.C. § 1927; *Wages v. I.R.S.*, 915 F.2d at 1235 (affirming Section 1927 sanctions); *Fox Valley Constr. Workers*, 140 F.3d at 667 (same). In addition, the Court can, and should, impose sanctions on Pollok and his counsel under its inherent powers for their bad faith litigation conduct and willful disobedience of this Court's orders. *Chambers*, 501 U.S. at 45 (affirming sanctions under inherent powers).[6] Multiple orders and admonitions from this Court have not stopped Pollok's and his counsel's misconduct. The time for sanctions to serve that purpose is at hand.

Specifically, the Court should: (1) award Vanguard at least $13,970 in attorney fees and costs, including those incurred to move to dismiss the Contract Complaint and to move for sanctions, all of which are excess costs incurred due to Pollok and his counsel's improper conduct; 28 U.S.C. § 1927; *Norelus v. Denny's*

---

[6] As noted above, Vanguard served a Rule 11 motion on Pollok on March 16, 2018. The Rule 11 motion set forth substantially similar grounds for sanctions as described here and is filed concurrently herewith.

VANGUARD'S MOTION TO DISMISS AND FOR SANCTIONS UNDER § 1927, INHERENT POWERS

*Inc.*, 628 F.3d 1270, 1298 (11th Cir. 2010) (affirming excess cost and fee award against counsel under Section 1927); *Chambers*, 501 U.S. at 58 (affirming cost and fee award against party and counsel under inherent powers); (2) enter a prefiling order against Pollok requiring leave of this Court before filing any future lawsuits against Vanguard regarding the subject matter in the Contract Complaint, *Carr v. Tillery*, 591 F.3d 920-21 (7th Cir. 2010) ("Such injunctions [under the court's inherent powers] complement the award of monetary sanctions for vexatious litigation [and] are standard remedies for misconduct in litigation."); and (3) reprimand Pollok's counsel. *In re Girardi*, 611 F.3d 1027, 1039, 1067-68 (9th Cir. 2010) (affirming reprimand sanction under court's inherent powers).

## V.   CONCLUSION

Vanguard respectfully asks the Court to dismiss the Contract Complaint and impose sanctions.

Dated:  April 9, 2018                    PEPPER HAMILTON LLP

By:___/s/ Kevin A. Crisp _____
Kevin A. Crisp
Attorneys for Vanguard